Daggett Bankruptcy Procedure This matter has been extensively briefed. I'm sure the Court has read the briefs, so I'm going to ‑‑ I don't really want to repeat what has already been said. Already been said. This is a case, though, where the bankruptcy court imposed sanctions on ‑‑ you'd notice it was thinking of sanctions on one ground, then imposed sanctions on a totally different ground. When you say ground or ‑‑ What? It's not the ground that it changed, is it? It's the, you know, the underlying authority that it cited. Well ‑‑ Or is it a different ground? But the ‑‑ your Honor, I think technically you're actually right. The reason why I say ground is because under Rule 11, or 9011, which is the bankruptcy analog, you have procedure ‑‑ you have different factual requirements and different procedural protections than would exist if you proceed under inherent powers. And that difference makes quite a difference in terms of trying to defend the proceeding, because in one case, basically, liability can be assessed under 9011 based on objective standard, whereas on the inherent standards, it has to be subjective standard. And ‑‑ Well, but the ‑‑ we'll call it the charge. If the underlying charge is the same, you still have notice, right, of what that charge is. No. Regardless of, you know, which ground or which statute or power the court is proceeding under, you know what the charge is. Well, first of all, your Honor, there was a charge on which sanctions were imposed that wasn't even listed. Sorry, what? There was a charge on which sanctions were imposed that wasn't even listed. And that is, sanctions were imposed for filing of a bankruptcy petition on September 5th, 2000 that's not listed in any of the charging documents. And you find that ‑‑ The hearing was subsequent to September 5th. Yes. The hearing was subsequent. And the charge didn't list that. And if you look at, you know ‑‑ Your Honor, at the hearing, those events were discussed. Testimony with respect to those events. Events which, to be sure, took place after the second pretty straight court. Yes. Testimony was taken on those subjects. Are you quoting me? Yes. Testimony was taken on those subjects. You know, counsel, you were on notice that these filings were bogus. I think it's a matter of ‑‑ it's a matter of the kind of notice, Your Honor, because ‑‑ it's a matter of the kind of notice. Because as the Third Circuit has ruled in a number of cases, if you're proceeding under inherent powers, you have to give notice you're proceeding under inherent powers, because defenses to a proceeding under inherent powers might not apply to 9011 and vice versa. Moreover, there's no mention of the September 5th matter, yet sanctions were imposed for it. Moreover, sanctions were imposed of a punitive, not a compensatory nature, and the procedural protections for contempt were not followed. And, you know, yes, I will concede that the court is doing an ordinary sanction for filing papers late or something of 200 or something. You may not need to go through that, but as the Second Circuit ruled in the Mackler case, you know, in that case, 10,000, they said that you need to file contempt proceedings. Here it's 23,000. And basically ‑‑ Why should the dollars determine the jurisdictional question of the contempt process? Well, I think there might be ‑‑ I think, Your Honor, because in the same way that people are sent to magistrate and people don't have jury trial rights, it may be that if you get to a very low dollar amount, there's ‑‑ well, I'll call it a minimus exception. But, you know, in the Mackler case, the court said 10,000 triggers it. 10,000 would be within the ‑‑ would trigger it. And here we're talking about 23,000. And we're talking about punitive. We're not talking about ‑‑ about compensatory. We're talking about punitive. Yeah, we're talking ‑‑ yeah, yeah. 23,000 were imposed. Where did it say these were punitive? Oh, the court specifically said that the amount of ‑‑ that the amount of attorneys it found due were only 19,000, but that it was imposing another 23,000. Is that punitive? Yes. Where is that? It's payable to whom? Payable to the opposing party. Can you define the word punitive? If it is not compensatory ‑‑ if it is not ‑‑ if it is not compensatory, then it's punitive. What case holds that? I think that's what the whole basis of the Mackler decision was, that the sanctions were punitive. Of course, Section 9011, or Rule 9011, states that,    the court to order the payment of a penalty, right? The court to order a penalty to the court, not to an opposing party, A. B, the rule could authorize it, and you could still have a dollar amount where you need to follow contempt ‑‑ due process requires contempt rules be followed. And that's what Mackler v. Cohn, which was decided with Rule 11 in effect, said. But in any event, the trial court actually ordered the sanctions payable to the other party, not to the court. Here is ‑‑ by the way, here is the order of the court with respect to the ‑‑ this is on page 5 of the Judge Montelli's supplemental memo on the decision awarding sanctions against Arlo Smith and Daniel Miller. On page 5 of that order, he talks about what he's going to order, and then in the footnote it says, footnote 2, court notes it has not treated the proceedings against Smith and Miller as criminal because the award is intended to compensate the plaintiff and to deter Smith from their misconduct. The court has considered, but at present declines to impose punitive damages. But, Your Honor, the court did impose them because the court found that the amount of attorney fees was 19,000, and then added another 23,000. You know, you can put a different label on it, but you can't ‑‑ if you're awarding 100 percent more than you found with reasonable attorney fees, that is punitive. Is the fact that it's to deter you, does that make it punitive? Absolutely. That's why you ‑‑ isn't that the reason, Your Honor, why punitive sanctions or punitive damages are awarded? I mean, isn't that the theory? No, but that's the ‑‑ that's not the only function of the award. It's for punishment, and no, deterrence is separate from punishment, and again, I say 9011 authorizes, right, a sanction sufficient to deter repetition of such conduct. Payable to the court. Not that court. That's different from the payment of a penalty to the court, but the sanction is permitted sufficient to deter repetition. That's just the general rule. So if it's for deterrence as opposed to punishment, I don't think they serve the same purpose. That is precisely why you would ‑‑ you would ‑‑ that's precisely why you would do it. In any event, I think I'm out of time. Punishment is to punish for past conduct. Deterrence is looking to the future to prevent future conduct. If it's imposed by ‑‑ as the macroverse cone says, it's imposed by reason of past conduct, then it is a punishment. That's right. And here he's saying he's doing it to deter future conduct, not to punish past conduct. That's what the judge is ‑‑ Judge Montali is saying, isn't it? Those are his words. Anyway, you've got about 45 seconds. Why don't you see if you need it for rebuttal, right? Okay. Thank you. Oh, excuse me. Good morning, Your Honors. Thomas Eastridge appearing on behalf of the appellee Noreen Cardinelli. Judge Montali imposed the additional $23,000 against Mr. Smith and Mr. Miller for the purpose of deterrence. The record before Judge Montali was substantial as far as the orchestration and conspiracy to frustrate the state court litigation, as well as their improper use of the bankruptcy procedure. The decision of Judge Montali has already been subject to one appellate review, which affirmed in part the award to compensate under Chambers the appellee for her attorney's fees. The litigation in state court continues as I speak this morning. We're presently going through a second jury trial caused by a bifurcation, caused by these bankruptcy proceedings. We're presently in the first district on appeal for the second trial. This is one of the ---- That's correct, Your Honor. That's correct. This is one of those rare situations where we are agreeing with the panel and not arguing that the $23,000 should be paid to the other party. We believe the panel was correct and that the additional $23,000 should be paid into court upon the remand before Judge Montali. That's because you're concerned about the budgetary situation in the United States. Absolutely, Your Honor. There's no question that there was substantial evidence before Judge Montali, and there's no question that both Mr. Miller and Mr. Smith received substantial notice of the charges pending against them. They had an opportunity to respond in writing to the orders to show cause, which they did do. They had an opportunity to testify at two evidentiary hearings pertaining to the orders to show cause, which they also chose to do. In addition, they brought additional counsel to represent them. They had adequate notice. Their due process rights were protected. But it is true, is it not, that the bankruptcy court addressed certain issues, asserted misconduct, that were chronologically subsequent to the second of the order to show cause? That's correct. And it was also during that same period of time, Your Honor, that the appellants were given an opportunity to respond prior to the second evidentiary hearing in October. In writing. I'm sorry, Your Honor.  That's correct, Your Honor. And that was also addressed at the – as I was present during that hearing, that was also addressed at the second evidentiary hearing. I would have to do additional research, Your Honor. I don't have the record with me at this time. I can, Your Honor. I will do the research and provide a letter for them if the court so wishes. Sure. That's fine. Whatever you supply us, supply a copy to the opposing side, will you? Of course, Your Honor. So they know what you furnished us. Of course, Your Honor. So that they have an opportunity to respond. Right. Anything else? That's submitted, Your Honor. All right. Thank you. Thank you, Your Honor. Thank you. Do you want to say anything in rebuttal? The only thing I would say in rebuttal is that the record is absolutely devoid of Judge Montelli giving any notice that he was considering sanctions on other than the matters in the two orders to show cause. And there's no order to show cause ever issued mentioning anything other than two items that is the, which are specifically two removal petitions. All right. Go ahead. May I ask just one question? Just to be sure that I understand what issues are before us. As I understand it, you and Mr. Miller are not contesting the actual recitals of the bankruptcy court and the bankruptcy panel with respect to the misconduct. I see no evidence that you're raising any issues with respect to that. Some of it, though, I didn't address because it wasn't noticed. Like, for example, we didn't have a hearing on whether that September 5th bankruptcy filing was. Apart from the question of whether you had. No, no. I guess I'm saying that there isn't that to some extent notice and what's contested run together. But yes, I'll agree with you as to the two things charged. Yes. All right. Thank you. Thank you. We thank both counsel. This case is submitted for decision. Then next case on the calendar for argument is a lever versus Carson City. Good morning, Your Honors.
judges: B Fletcher, Tashima, Pollak